# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE N. CHATMON, | ) 1:03-cv-06207-TAG HC |
| Petitioner, | ) ORDER DENYING PETITION FOR WRIT OF |
| v. | ) HABEAS CORPUS (Doc. 1) |
| GAIL LEWIS, Warden, | ) ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| Respondent. | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner is in custody of the California Department of Corrections serving a sentence of seven years pursuant to a judgment of the Superior Court of California, County of Fresno, following his plea of guilty to one count of second degree burglary, a violation of California Penal Code § 459. (CT 17). According to the original abstract of judgment issued on March 30, 2000, Petitioner's mid-term sentence of two years was doubled to four years pursuant to California's "Two Strikes" provisions, Penal Code §§ 667(b)-(I) and 1170.12, and three consecutive one-year enhancements were added pursuant to Penal Code § 667.5(b)(prior prison terms). (Id.; RT 201-205). On October 25, 2000, the trial court amended the abstract of judgment, adding the required restitution fine under Penal Code § 1202.45 and checking the box indicating that the sentence was pursuant to the "Two Strikes" law. (Doc. 6, Exh. 1).

Petitioner appealed his conviction to the California Court of Appeal for the Fifth Appellate District ("5th DCA"). In his appeal, Petitioner claimed that the trial court abused its discretion in

denying his motion pursuant to People v. Romero, 13 Cal.4th 497 (1996) to dismiss his prior strike. (Id. at pp. 2-5).  On April 6, 2000, the 5th DCA affirmed Petitioner's conviction in an unpublished decision.  (Case no. 1:03-cv-5204-REC-DLB, Doc. 6, Exh. B).

After exhausting his claims in the California Supreme Court, on February 14, 2003, Petitioner filed a federal habeas corpus petition in the U.S. District Court for the Eastern District of California, Case No. 1:03-cv-05204-REC-DLB, challenging the trial court's denial of his motion to dismiss the prior strike under Romero and also claiming ineffective assistance of trial counsel in counsel's purported failure to communicate with Petitioner, counsel's failure to file certain motions, and his failure to investigate and obtain additional evidence.[1]  (Case no. 1:03-cv-5204-REC-DLB, Doc. 1).  On October 1, 2004, the Magistrate Judge issued a Report and Recommendation to deny Petitioner's claims in Case No. 03-cv-05204.  (Id., Doc. 9).  The Magistrate Judge's Report and Recommendation was adopted by the District Judge on November 16, 2004 and judgment was entered denying Petitioner's claims and entering judgment in favor of Respondent.  (Id., Doc. 11).

On September 8, 2003, having exhausted the claims through collateral proceedings in the California Supreme Court, Petitioner filed the instant habeas corpus petition, raising related issues that the trial court abrogated the plea agreement by sentencing him to a term of confinement not contemplated by the parties and that in so doing, Petitioner's constitutional rights were violated. (Doc. 1).  Respondent answered on March 2, 2003.  (Doc. 6).  On March 17, 2003, Petitioner filed his traverse.  (Doc. 7).  In that traverse, Petitioner, for the first time, clearly articulated that his sole objection was his contention that the trial court's amended abstract of judgment unlawfully required him to serve 85% of his term, rather than the 80% contemplated by the parties at the time of sentencing under California's Two Strikes law. (Id.).  On April 14, 2006, Petitioner filed a Petition for Writ of Mandate and Declaratory Relief, in which he reiterated his claims raised in the traverse, and asked for a declaration of his rights or, alternatively, issuance of a writ of mandate commanding Respondent to "immediately halt implementation" of the requirement that Petitioner serve 85% of

---

[1] In Case no. 03-cv-05204, Petitioner's name is spelled "Chatman", while here it is spelled "Chatmon." It is possible that this discrepancy resulted in the two cases proceeding independently of each other.

his seven-year sentence.  (Doc. 13, p. 4).

## FACTUAL BACKGROUND

The Court hereby adopts the brief factual summary in the 5th DCA's unpublished opinion:

> On December 10, 1999, appellant took personal property from a van parked outside the victims' residence.  The victims saw appellant walk away with their property.  They chased and detained appellant until police officers arrived.
>
> Appellant was charged with both second degree burglary (count 1; § 459) and receiving stolen property (count 2, § 496).  Pursuant to a plea agreement, appellant admitted the second degree burglary charge, a 1971 serious felony "strike" conviction, and three prior prison terms.  In exchange for the plea, the People dropped the second count and an unrelated pending case.  The plea agreement also provided appellant's sentence would be subject to a maximum term of seven years.
>
> At the sentencing hearing, the trial court denied appellant's motion to strike the prior serious felony strike conviction, which thereby required the trial court to double the second degree burglary sentence to four years.  The court also added 3 one-year enhancements for the admitted prior prison terms, resulting in a total sentence of seven years.

(Doc. 6, Exh. 1, p. 2).

## DISCUSSION

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  The challenged conviction arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court.   28 U.S.C. § 2254(a); 2241(d).  Accordingly, the Court has jurisdiction over this action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997), cert. denied, 522 U.S. 1069, 118 S.Ct. 739 (1998); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996)), overruled on other grounds, Lindh, 521 U.S. 320 (holding the AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA and therefore is governed by the AEDPA.

## II. Legal Standard of Review

Under the AEDPA, a petition for writ of habeas corpus will not be granted unless the adjudication of a state prisoner's claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63. The first prong pertains to questions of law, and to mixed questions of law and fact. Williams v. Taylor, 529 U.S. at 407-09, 120 S. Ct. 1495 (2000); Davis v. Woodford, 384 F.3d 628, 637 (9th Cir. 2004). The second prong pertains to decisions based on factual determinations. Id., citing Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029 (2003). The first prong of review involves the "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254 (d)(1). The Supreme Court explains that:

> [A] state court decision is "contrary to our clearly established [Supreme Court] precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from [a Supreme Court decision] and nevertheless arrives at a result different from [Supreme Court] precedent."

Lockyer v. Andrade, 538 U.S. at 73 (citations omitted). The Supreme Court also explains that a state court decision involves an "unreasonable application" of Supreme Court precedent if:

> [T]he state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case.
> . . .
> The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable.

Id. at 75.

The second prong of analysis pertains to the "unreasonable determination " clause of 28 U.S.C. § 2254 (d)(2). A state court decision is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" when it "is so clearly incorrect that it would not be debatable among reasonable jurists." Jeffries v. Wood, 114 F.3d at 1500, overruled on other grounds , Lindh, 521 U.S. 320. Under the AEDPA, any factual determinations

made by the state court are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322; Gonzalez v. Pliler, 341 F.3d 897, 903 (9th Cir. 2003).

To determine whether habeas relief is warranted, the federal court looks to the "last reasoned decision of [a] state court as the basis of the state court's judgment." Powell v. Galaza, 328 F. 3d 558, 563 (9th Cir. 2003) (quoting Franklin v. Johnson, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002)). However, when the state court provides no reasoning for its decision, the federal court independently reviews the record to determine whether under the AEDPA, the state court properly denied habeas relief, focusing on whether the state court's resolution of the petitioner's claim was objectively reasonable. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003) ("Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable."); see also Greene v. Lambert, 288 F. 3d 1081, 1088-89 (9th Cir. 2002); Delgado v. Lewis, 223 F.3d 976, 981-82 (9th Cir. 2000).

### A.   Habeas Review of State Court Decisions on Questions of Law

Challenges to purely legal questions resolved by the state court are reviewed under 28 U.S.C. § 2254(d)(1). "[T]he question on review is (a) whether the state court's decision contradicts a holding of the Supreme Court or reaches a different result on a set of facts materially indistinguishable from those at issue in a decision of the Supreme Court; or (b) whether the state court, after identifying the correct governing Supreme Court holding, then unreasonably applied that principle to the facts of the prisoner's case." Lambert v. Blodgett, 393 F.3d 943, 978 (9th Cir. 2004).

The AEDPA denies habeas relief on any claim adjudicated on the merits in state court unless the state court proceeding resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). Section 2254(d)(1)'s reference to "clearly established Federal law" means the holdings (not dicta) of the Supreme Court's decisions, at the time of the state court's decision. Lockyer v. Andrade, 538 U.S. at 412. "A state court decision is 'contrary to' clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme

Court cases or if the state court confronts a set of facts materially indistinguishable from those at issue in a decision of the Supreme Court and, nevertheless, arrives at a result different from its precedent." Lambert v. Blodgett, 393 F.3d at 974 (citations omitted*).* "The 'unreasonable application' standard captures those cases in which 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Id., quoting Williams v. Taylor, 529 U.S. at 413. The Supreme Court instructs that in applying the "unreasonable application" standard, a federal habeas court should consider whether the state court's application of clearly established federal law was objectively unreasonable. Williams v. Taylor, 529 U.S. at 409. Thus, a habeas writ cannot issue if the federal habeas court in its own judgment concludes that the state court decision applied clearly established federal law incorrectly; the application must also have been objectively unreasonable. Id. at 411; Lockyer v. Andrade, 538 U.S. at 75.

### B.   Habeas Review of State Court Decisions on Questions of Fact

Federal habeas challenges to purely factual questions determined by the state courts are reviewed under 28 U.S.C. §§ 2254(d)(2). "[T]he question on review is whether an appellate panel, applying the normal standards of appellate review, could reasonably conclude that the finding is supported by the record . . .[F]act-based challenges founded on evidence raised for the first time in federal court are reviewed under § 2254(e)(1); the question on review is whether the new evidence amounts to clear and convincing proof sufficient to overcome the presumption of correctness given the state court's factual findings." Lambert v. Blodgett, 393 F.3d at 978. Thus, state court factual determinations are presumed correct in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254 (e)(1). In addition, state court decisions which are adjudicated on the merits and based on factual determinations will not be overturned on factual grounds under AEDPA unless the decisions were objectively unreasonable in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254 (d)(2); Lockyer v . Andrade, 538 U.S. at 75.

The Ninth Circuit Court of Appeals recently interpreted §§ 2254(d)(2) and 2254(e)(1)[2], and held that both provisions apply to challenges supported by separate categories of evidence. Taylor v. Maddox, 366 F.3d 992, 1000 (9th Cir. 2004); Lambert v. Blodgett, 393 F.3d at 971-973. In Taylor, the Ninth Circuit held that the "unreasonable determination" clause of § 2254(d)(2) applies to intrinsic review of a state court's process, i.e., circumstances in which a petitioner challenges the state court's findings based entirely on the state court record. Id. at 999-1000. In Taylor, the Ninth Circuit also held that § 2254(e)(1) applies to challenges based on extrinsic evidence, i.e., evidence presented for the first time in federal court. Id. As explained in Taylor: "[I]t is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision; rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." Id. (citations omitted). Likewise, mere doubt as to the adequacy of the state court's findings of fact is insufficient; "we must be satisfied that any appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate. Id.; Lambert v. Blodgett, 393 F.3d at 972.

When a habeas petition presents no intrinsic challenge to a state court's factual determinations, or if it does, the factual determinations survive an intrinsic review, the factual determinations are then "dressed in a presumption of correctness, which [ ] helps steel them against

---

[2] §§ 2254(d)(2) and 2254(e)(1) address whether, and to what extent, a federal district court is bound by state court findings on any of the dispositive factual questions presented in a federal habeas petition. These statutes provide as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> . . .
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption by clear and convincing evidence.

any challenge based on extrinsic evidence. Under 2254(e)(1), state court factual findings "may be over-turned based on new evidence presented for the first time in federal court only if such new evidence amounts to clear and convincing proof that the state-court finding is in error." (citations omitted). Lambert v. Blodgett, 393 F. 3d at 972.

### C.    Review of State Court Decisions on Mixed Questions of Law and Fact

A mixed question of law and fact is one that requires the application of legal principles to historical and other facts. State court decisions which apply law to facts are governed by § 2254(d)(1). However, the factual findings underlying a state court's decision on a mixed question of law and fact are accorded a presumption of correctness. Lambert v. Blodgett, 393 F. 3d at 976 (citing Jeffries v. Wood, 114 F.3d at 1498 (AEDPA "further restricts the scope of federal review of mixed questions of law and fact. De novo review is no longer appropriate; deference to the state court factual findings is."), citing Rupe v. Wood, 93 F.3d 1434, 1444 (9th Cir. 1997) (voluntariness of confession is a legal question not entitled to presumption of correctness but the state court's finding that no threats or promises were made was "essentially a factual conclusion, which is entitled to a presumption of correctness").

Accordingly, federal habeas review of a state court decision based on a mixed question of law and fact requires the federal court to "first separate the legal conclusions from the factual determinations that underlie it. Fact-finding underlying the state court's decision is accorded the full deference of §§ 2254(d)(2) and (e)(1), while the state court's conclusion as to the ultimate legal issue–or the application of federal law to the factual findings–is reviewed per § 2254 (d)(1) in order to ascertain whether the decision is 'contrary to, or involved an unreasonable application of, clearly established' Supreme Court precedent." Lambert v. Blodgett, 393 F.3d at 977-978.

### III.  Review of Petitioner's Claims.

> **Ground One:**     The trial court violated the plea agreement by illegally re-sentencing Petitioner on October 25, 2000 to a term of seven years for which Petitioner must serve 85%.

Petitioner contends that, by amending the abstract of judgment, the trial court effectively re-sentenced Petitioner to serve 85% of his seven-year term, in violation of the original plea agreement. For several reasons, this contention fails.

A.  <u>Failure to Present a Federal Question</u>.

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  <u>See</u> also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 , 93 S.Ct. 1827 (1973).  Federal habeas review is limited to claims that are set out as described above.

The instant claim for relief is deficient because it fails adequately to allege a violation of the Constitution or to argue that Petitioner is in custody in violation of the Constitution.  A claim of state sentencing error does not raise a federal constitutional question for federal habeas review.  <u>See</u> <u>Lewis v. Jeffers</u>, 497 U.S. 764, 783, 110 S. Ct. 3092 (1990).  As the Supreme Court has stated, "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 68, 112 S.Ct 475 (1991); <u>Gilmore v. Taylor</u>, 508 U.S. 333, 348-49, 113 S.Ct. 2112 (1993).

Therefore, the state court's decisions regarding the amount of confinement credits Petitioner may accrue is not a basis for habeas relief.  <u>See</u>, <u>e.g.</u>, <u>Watts v. Bonneville</u>, 879 F.2d 685, 687 (9th Cir. 1989)(alleged violation of Penal Code § 654 is state law claim not cognizable in federal habeas under § 2254).  Moreover, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." <u>Sawyer v. Smith</u>, 497 U.S. 227, 239 (1990), 110 S.Ct. 2822, quoting <u>Dugger v. Adams</u>, 489 U.S. 401, 409, 109 S.Ct. 1211 (1989).

Petitioner has attempted to elevate this state law question to one of federal law by characterizing the issue as one of due process resulting from the trial court's purported violation of the original plea agreement in amending the abstract of judgment.  (Doc. 8, pp. 9-12; Doc. 13,

pp. 5-8). However, Petitioner's mere assertion of a due process violation, without more, does not automatically "transform a state law issue into a federal one...." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). The circumstances under which a trial court in California must amend the abstract of judgment are established by California law, e.g., Penal Code § 1202.4; §1202.45, and as such are solely questions of state law. As discussed more fully below, the trial court followed these state laws to the letter, performing what was essentially a ministerial function in correcting the abstract of judgment to properly reflect what California law required. No federal rights were implicated thereby.

Because the instant claim is grounded entirely on state law, and because Petitioner has failed to provide any authority that his contention raises a federal question, it is not cognizable on federal habeas and must be dismissed.

B. Review of Claim.

Notwithstanding the lack of a federal basis, Ground One is without merit. As mentioned previously, under the AEDPA, habeas relief will not be granted unless the adjudication of a state prisoner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

In the sentencing context, a state violates a criminal defendant's due process right to fundamental fairness only if arbitrarily deprives the defendant of a state law entitlement. See Hicks v. Oklahoma, 447 U.S. 343, 346, 100 S.Ct. 2227 (1980). Hicks is thus the strongest source of clearly established law implicating Petitioner's claim.

Under California law, a criminal defendant sentenced under the "Two Strikes" provision is limited in his or her accrual of confinement credits to twenty percent, thus effectively requiring a "Two Strikes" defendant to serve a minimum of eighty percent of his or her sentence. Pen. Code § 667, (c)(5); § 1170.12(b)(5). Here, it is undisputed that Petitioner was sentenced under the applicable "Two Strikes" provision. (RT 201-204; 503). Petitioner concedes as much in his Petition, claiming that at the time he entered his plea, he understood that he would be required to serve a minimum of eighty percent of the seven-year sentence, and that it was only when the trial

court amended the abstract of judgment that he became obligated to serve eighty-five percent of his sentence. (Doc. 1, p. 5).

Contrary to Petitioner's assertions, however, the amendment of the abstract of judgment by the trial court on October 25, 2000, did nothing to alter the original sentence or the plea agreement. The only changes made in the amendment to the abstract of judgment were: (1) to impose the required additional parole revocation fine under Penal Code § 1202.45, see People v. Terrell, 69 Cal.App.4th 1246, 1255 (1999) (when a restitution fine under § 1202.4 is imposed, court is required to impose parole revocation fine under § 1202.45, in an amount equal to restitution fine, and failure to do so results in an "unauthorized sentence" that must be corrected); People v. Rodriguez, 80 Cal.App.4th 372, 376 (2000)(requirement of imposing parole revocation fine under § 1202.45 is mandatory and failure to do so results in unauthorized sentence that may be corrected, even on appeal, by amending the abstract of judgment), and (2) to check the box indicating that the sentence was pursuant to the "Two Strikes" statutes, something that nobody, including Petitioner, now challenges.

Apart, however, from Petitioner's unsubstantiated averment in the Petition, the record before the Court is devoid of any evidence, or even any suggestion of evidence, that there ever was an explicit or implicit agreement among the parties regarding how much of the seven-year term Petitioner would be required to serve.[3] Nor does the record contain evidence that such an agreement, even if it existed, was subsequently altered, as Petitioner claims in his Traverse, by the setting of Petitioner's parole eligibility date at 85% of the seven-year term imposed by the trial court.[4]

---

[3] Specifically, Petitioner maintains that at some point after sentencing, and pursuant to a request from the "Legal Processing Unit" of the CDC, the trial court modified Petitioner's sentence to require him to serve 85% instead of 80% of the seven-year term. (Doc. 8, p. 3). However, there is nothing in the record that would support this allegation. The Court's inquiry here is limited to the issues as framed by Petitioner. Since Petitioner has framed the issue as one claiming his constitutional rights were violated *by the trial court's amendment of the abstract of judgment*, his claim succeeds or fails depending upon his ability to establish that the trial court's amended abstract of judgment in fact altered the original plea agreement. As discussed more fully elsewhere in this Order, Petitioner does not do so. The changes in the abstract of judgment do not indicate that Petitioner must serve 85% of his sentence.

[4] Even if, as Petitioner contends, the trial court or the California Department of Corrections ("CDC") later determined that Petitioner should be subject to a credit limitation of 15%, it does not necessarily follow either that such a determination is erroneous under California law or that federal constitutional rights are thereby implicated. In People v. Barella, 20 Cal.4th 261, 267 (1999), the

Moreover, and perhaps most significantly, even if, arguendo, the foregoing assumptions were true and were supported by substantial evidence in this record, nothing here in any way establishes that the actions of the trial court in amending the abstract of judgment effected the changes about which Petitioner now complains.

Indeed, to the contrary, the minute order that trial court issued when it amended the abstract of judgment indicates clearly that, apart from the clarification that the sentence was imposed pursuant to Penal Code § 667(b)-(I), "all other orders remain the same." (Doc. 6, Exh. 3) (emphasis supplied). Since the only substantive change relating to the sentence itself in the amended abstract of judgment was to clearly indicate that it was a Two Strikes sentence under which Petitioner would serve 80% of his sentence, the amendment to the abstract of judgment could not, as a matter of law, have resulted in an increase in the amount of time Petitioner would have to serve from 80% to 85%. Under such circumstances, Petitioner has simply failed to establish that the state court arbitrarily deprived him of a state law entitlement. See Hicks v. Oklahoma, 447 U.S. at 346.

For all of these reasons, the state court's decision as to Ground One was not contrary to or an unreasonable application of clearly established state law.

**Ground Two:**    **Petitioner's due process rights were violated by the trial court's illegal re-sentencing on October 25, 2000.**

In light of the Court's reasoning regarding Ground One, Ground Two, which is legally indistinguishable from Ground One, similarly fails. The trial court's issuance of an amended abstract of judgment is a question of state law not cognizable under federal habeas law. Moreover,

---

California Supreme Court concluded that federal law did not require that a defendant be advised that, under California law, he would be required to serve 80% of his sentence before becoming eligible for parole. The state high court relied on Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366 (1985), in holding that the issue of a parole date was not a "direct consequence" of the plea and therefore the U.S. Constitution did not require "the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary...." Id. at 267; see U.S. v. Roberts, 5 F.3d 365, 368 (9th Cir. 1993). While the issues of a plea agreement's voluntariness and the violation of that plea agreement are distinct issues, where, as here, the record does not establish any agreement, informal or otherwise, regarding the parties' understanding as to parole eligibility or credit accrual, the only other potential constitutional issue implicated here would be the voluntariness of Petitioner's plea. Hill v. Lockhart resolves any concern that a 15%, rather than a 20%, cap on the accrual of credits would render Petitioner's plea involuntary.

even were the claim to raise a colorable federal question, nothing in this record indicates that Petitioner is being required to serve 85% of his term of imprisonment and, even were this true, no evidence has been presented that the trial court, rather than CDC, is responsible for this policy.[5]

Accordingly, Ground Two does not establish that the state court's decision was contrary to or an unreasonable application of clearly established federal law.

Because the Court will order that the Petition be denied with prejudice, Petitioner's request for issuance of a writ of mandate and for declaratory relief as to the trial court and CDC (Doc. 13), is DENIED as MOOT.

## ORDER

Accordingly, for the reasons set forth above, the Court HEREBY ORDERS as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1), is DENIED with prejudice;

2. Petitioner's Petition for Writ of Mandate and Declaratory Relief (Doc. 13), is DENIED as MOOT.

The Clerk of Court is DIRECTED to enter judgment in favor of Respondent and close the file.


IT IS SO ORDERED.

Dated:   **July 28, 2006**                                         /s/ Theresa A. Goldner
j6eb3d                                                            UNITED STATES MAGISTRATE JUDGE

---

[5] The Court expresses no opinion as to whether Petitioner would have a viable habeas claim against the CDC for determining that he may not accrue credits totaling more than 15% of his seven-year sentence. Petitioner has not pleaded such a claim in these proceedings, and even had he done so, such a claim has never been presented to, or exhausted in, the state courts. Moreover, it is doubtful such a claim, even if brought, could now satisfy AEDPA's one-year statute of limitations.